Argued April 7, affirmed April 22, 1965

# HARDING AND HUTSON CONSTRUCTION COMPANY *v.* CHENEY

401 P. 2d 31

*Norman K. Winslow,* Salem, argued the cause and filed the brief for appellant.

*Paul R. Meyer,* Portland, argued the cause for respondent. On the brief were Kobin & Meyer, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and HOLMAN, Justices.

PER CURIAM.

Defendant hired plaintiff to furnish blasting services at the rate of $35 per hour at a rock quarry where defendant was engaged in crushing rock. Before the blasting was completed plaintiff removed his men and equipment from the job and sent defendant a statement for services in the sum of $978.28. Defendant did not object to the statement until this matter reached the litigation stage, many months later.

Plaintiff sued defendant on an account stated. Defendant admitted indebtedness to plaintiff in the sum of $653.53 and counterclaimed for damages contending plaintiff breached a contract to blast a specific number of yards of rock. The alleged breach resulted in increased cost of production of defendant's crushed rock because he had to use a more expensive method of getting the rock from the quarry.

At the completion of the evidence plaintiff moved for a directed verdict in its favor both on its account stated and defendant's counterclaim. The court allowed both of plaintiff's motions, awarding plaintiff judgment on its account stated in the sum of $728.28 and dismissing defendant's counterclaim. Defendant appealed from the dismissal of his counterclaim but not from the judgment against him on plaintiff's account stated. Plaintiff cross appealed because of the deduction of $250 from the amount requested on the account stated and because the court allowed interest

from the date of the filing of plaintiff's complaint instead of the date when the statement, on which the account stated was based, was rendered.

■ The court dismissed defendant's counterclaim, because, among other reasons, defendant failed to prove the cost to himself of blasting the balance of the rock had plaintiff remained on the job. With this we agree. An inspection of the record discloses that, while the defendant proved the cost of removing the rock from the quarry by the substitute method, there was no evidence of the cost involved had plaintiff completed the job, which cost necessarily had to be deducted from defendant's actual cost of production in arriving at his damage.

■ Plaintiff's cross appeal is dismissed for failure to comply with Rule 19 of the Rules of Procedure of this Court.

The judgment of the circuit court is affirmed.